IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 1
TO BAR IMPROPER BOLSTERING OF DEFENDANTS**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and respectfully moves this Honorable Court, *in limine* and pursuant to Federal Rules of Evidence 401, 402, 403, and 802, to bar improper bolstering of Defendants and to direct that all attorney for defendants advise all their witnesses of the Court's Order *in limine*.

Accolades and award earned by the Defendants for police work were disclosed during the Defendants' depositions. Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant should not be allowed to bolster the Defendants' character with testimony of commendation, awards, etc. Such testimony is inadmissible hearsay and improper bolstering and should be excluded. The Defendants' commendations are not probative of Plaintiff's allegations or the defenses thereto. As the Court held in *Charles v. Cotter*, 867 F.Supp. 648 (N.D. Ill. 1994), evidence of this nature would serve the improper function of providing evidence of Defendants' character for the purpose of proving action in conformity therewith on the night in question. *Id*. At 659 n.6. Unlike proper FRE 404(b) evidence, such evidence does not go to motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id*.

1

Further, pursuant to Federal Rules of Evidence 401, 402 and 403, Defendants should not be allowed to bolster Defendant Keel or Santiago's character with any evidence of a lack of prior allegations of excessive force against either Defendant. Improper bolstering of Defendant Keel or Santiagos' character should be excluded.

WHEREFORE, Plaintiff respectfully moves this Honorable Court, *in limine*, to bar improper bolstering of Defendants' character, be it through prior awards and commendations or a lack of citizen complaints, and to direct that all attorneys for Defendants advise all their witnesses of the Court's Order *in limine*.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 2 TO BAR REFERENCE TO
PLAINTIFF'S PRIOR ARREST FOR DRIVING ON A SUSPENDED LICENSE**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and respectfully moves this Honorable Court, *in limine*, to bar testimony, argument, and reference to Plaintiff's criminal background, and to direct that all attorneys for defendants advise all their witnesses of the Court's Order *in limine*.

1. **Prior Arrests That Do Not Result In Convictions are Inadmissible**

Plaintiff was arrested for driving on a suspended license in Ohio in March, 2008. Arrests that do not lead to convictions are generally inadmissible under well settled law. See *Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) (law is clear that a party's prior arrest record is inadmissible; even indirect reference to a party's past arrest is improper); *Brandon v. Village of Maywood*, 179 F.Supp 2d 847, 853-55 (N.D. Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record such as "bias" or damages - because prejudice outweighs probative value, especially where officers did not know about the past arrest at the time of the incident).

Evidence of Mr. DeCola's prior arrest is nothing more than prior bad act evidence which is not admissible under the Federal Rules of Evidence. *Gregory v. Oliver*, No. 00-5984, 2003 WL

3

1860270, at *1 (N.D. Ill. April 9, 2003) ("Arrest that have not lead to convictions are classic candidates for exclusion under {FRE} 404(b)"); *Blessing v. Kulak,* No. 86-10227, 1998 WL 67637, at *1 (N.D. Ill. June 22, 1988) ("The use of evidence of prior arrest, despite defendant's arguments, is in the manner of demonstrating the [he] had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"); see also *Earl v. Denny's Inc.,* No. 01-5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury many deny Plaintiff a verdict and an award, not because it doubts [plaintiff's] veracity, but because it is appalled by his prior conduct that has nothing to do with the events in questions. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent").

Such evidence is not probative of any issue in this case, would waste the jury's time, and is likely to confuse and/or mislead the jury, as well as being unnecessarily embarrassing to Plaintiff. Mr. DeCola was forthcoming about his arrest and history in his responses to discovery. Defendants do not have any avenue for impeachment. For these reasons, any reference to Mr. DeCola's arrest record should be barred pursuant to Federal Rules of Evidence 402, 403 and 404.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 3 TO BAR ANY ARGUMENT THAT PLAINTIFF FAILED TO CALL CERTAIN WITNESSES AT TRIAL**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and pursuant to Federal Rule of Evidence 403, moves this Honorable Court, *in limine*, to bar testimony, prohibit, restrict the Defendants, their attorneys, and any other person in this cause from commenting, testifying, introducing evidence of, or referring by innuendo that Plaintiff failed to call certain witnesses.

Over the course of discovery, Plaintiff and Defendants have identified individuals who have information or may have information concerning the incident. Plaintiff does not anticipate calling every person who was present for some portion of the incident. These individuals are known to the Defendants. Accordingly, because these individuals are equally accessible to both parties, Defendants should not be allowed to argue to the jury that any adverse inference may be drawn from Plaintiff's failure to call them as witnesses at trial. See Federal Civil Jury Instructions of the Seventh Circuit, #1.19 Committee Comments (citing *Oxman v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993)).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order, *in limine*, excluding defendants from arguing or implying that the jury may draw any negative inference from Plaintiff's failure to call witnesses which were equally available to both sides.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 4
TO EXCLUDE NON-PARTY WITNESSES FROM THE COURTROOM**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and pursuant to Federal Rules of Evidence 615, moves this Honorable Court, *in limine*, to bar, prohibit and restrict non-party witnesses from the courtroom during the testimony of other witnesses.

On information and belief, both parties expect to call witnesses, including non-party witnesses during the trial of this cause. Pursuant to FRE 615, Plaintiff respectfully requests that all non-party witnesses be barred from the courtroom during testimony in this case. Similarly, all witnesses, including parties, should be barred from discussing their testimony with other witnesses as well as the parties once trial commences.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, enter an Order *in limine*, excluding non-party witnesses from the courtroom during the testimony of other witnesses and barring any witness (including parties) from discussing any given testimony or perspective testimony with any other individual listed as a witness by any party once trial commences in this cause.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 5**
**TO BAR EVIDENCE RELATED TO PLAINTIFF'S MEDICAL COVERAGE**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and pursuant to Federal Rules of Evidence 402, 403, and 411, and moves this Honorable Court, *in limine*, to bar, prohibit and restrict the Defendants, their attorneys, and any other person in this cause from commenting, testifying, introducing evidence of, or referring by innuendo that Plaintiff had medical insurance during the course of his treatment related to the events in the instant case.

Evidence concerning medical liability insurance to cover the Plaintiff's medical services related to this cause is irrelevant, unfairly prejudicial and inadmissible. FRE 402, 403 and 411.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, enter an Order *in limine*, excluding the introduction into evidence of Plaintiff's medical coverage.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 6 TO PERMIT THE PLAINTIFF TO TREAT THE DEFENDANTS AND ALL OTHER OFFICERS AS ADVERSE WITNESSES**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and pursuant to Federal Rules of Evidence 611(c), moves this Honorable Court, *in limine*, to allow the Plaintiff to treat the Defendants and all other officers as adverse witnesses.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, enter an Order *in limine*, granting the instant motion and all the Plaintiff to treat the Defendants and all other officers as adverse witnesses.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 7**
**TO BAR TESTIMONY BY ANY WITNESS NOT DISCLOSED IN DISCOVERY**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and pursuant to Federal Rules of Evidence 401, 402, 403, and 404, and moves this Honorable Court, *in limine*, to bar, prohibit and/or restrict the Defendants, their attorneys, or any other witness in this case from calling any witness not disclosed in discovery to testify and to bar the same from commenting, testifying, introducing evidence of and/or referring by innuendo to any witness not disclosed during discovery. Further, to bar Defendant's from offering any photographs or documents not tendered in discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, enter an Order *in limine*, granting the instant motion and bar all testimony and reference to any witness not disclosed during discovery or photographs or documents not tendered in discovery.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 8 TO BAR THE
ATTORNEYS FROM CONFERRING OR SPEAKING WITH ANY WITNESSES
WHILE THAT WITNESS IS STILL UNDER OATH TO PROVIDE SWORN
TESTIMONY**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and moves this Honorable Court, *in limine*, to bar the attorneys from conferring or speaking with any witnesses while that witness is still under oath to provide sworn testimony.

Plaintiff respectfully requests that once a witness is called to testify, no attorney shall confer with that witness about his or her trial testimony until the termination of the testimony. If attorneys are allowed to confer with witnesses while the witness is still called to the stand to testify, while the trial is in recess either for a break or while the trial is adjourned to the following day, the attorney could have undue influence upon the witness and sway the testimony of that witness. Attorneys should also not be allowed to confer with witnesses or speak with witnesses in any way during a recess or adjournment so that the witness does not feel pressure or intimidation from attorneys involved in the case.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, enter an Order *in limine*, barring the attorneys from conferring or speaking with any witnesses while that witness is still under oath to provide sworn testimony.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 9 TO BAR
ANY TESTIMONY OR ARGUMENT REGARDING SETTLEMENT DISCUSSIONS**

NOW COMES the Plaintiff, CHRIS DE COLA, by and through his attorneys, CONWAY LAW OFFICE, P.C., and moves this Honorable Court, *in limine*, pursuant to Federal Rule of Evidence 408, to bar any testimony or argument regarding settlement discussions between the parties and to direct that all attorneys for defendants advise all their witnesses of the Court's Order *in limine*.

Pursuant to FRE 408, any testimony with regard to any attempt made to settle this matter, including, but not limited to testimony that Plaintiff offered any settlement proposal or testimony that Defendants made any offer to dispose of this case should be barred.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, enter an Order *in limine*, barring any testimony or argument regarding settlement discussions between the parties.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS DE COLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 3799 |
| | ) | |
| KEVIN K. KEEL and | ) | Judge Amy J. St. Eve |
| PORFIRIO SANTIAGO, | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE # 10 TO LIMIT THE TESTIMONY OF DEFFNDANTS' NON-EXPERT TREATING PHYSICIANS TO TESTIMONY REGARDING THE PARTICLAR TREATMENT THEY PROVIDED, AND TO BAR THOSE PHYSICIANS FROM OFFERING OPINIONS AS EXPERT WITNESSES.**

Treating physicians must be identified as experts if they are to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(A) ("a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence"); see also *Musser v. Gentiva Health Servs*., 356 F.3d 751, 757-58 (7th Cir. 2004). In this case, Defendants have not identified any expert witness as required by Fed. R. Civ. P. 26(a)(2)(A).

It is anticipated that the Defendants will attempt to solicit opinion testimony from Dr. Gorelick regarding the causation or permanency of the plaintiff's injury. This type of testimony clearly must be offered by an expert, pursuant to FRE 702 and 703. Once again, an expert must give these types of opinions pursuant to the applicable federal rules. Obviously, since no experts have been disclosed by the Defendant, the introduction of any such testimony, or any other testimony or evidence which must be admitted under FRE 702 and 703 is inappropriate and prejudicial.

As the Seventh Circuit has held in *Musser,* the parties must identify treating physicians as experts if they want them to offer expert testimony at trial, even if they have not been retained for that purpose in anticipation of litigation:

12

> Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. Gentiva should not be made to assume that each witness disclosed by the Mussers could be an expert witness at trial. *Patel v. Gayes,* 984 F.2d 214, 217 – 18 (7th Cir. 1993) (affirming, under the pre-1993 Federal Rules of Civil Procedure, the exclusion of expert testimony as to duty of care from treating physicians when they were not disclosed as experts). The failure to disclose experts prejudiced Gentiva because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharm. Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report. In sum, we agree with the district court that even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony.

*Musser*, 356 F.3d at 757-58. Those same arguments apply in this case. During discovery Defendants have relied upon Plaintiff's decision not to identify any expert witnesses, and have proceeded with discovery accordingly. Furthermore, in the pre-trial order in this matter, the parties agreed that they did not intend to call any expert witnesses, thereby confirming that the plaintiff's treating physicians are not experts, but rather fact witnesses. (See proposed pre-trial order). As a result, at trial, Plaintiff's treating physicians should be barred from giving testimony based upon any special expertise or testimony about issues related to causation, and limited to testifying only about their respective care, treatment, and testing of Plaintiff as treating physicians.

Plaintiff respectfully requests that the Court enter Orders *in limine* consistent with the relief sought by these Motions.

/s/ Michael F. Conway
Michael F. Conway
Plaintiff's Attorney
Conway Law Office, P.C.
77 West Washington Street
Suite 1113
Chicago, Illinois 60602
(312)782-3553