# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3799 | **DATE** | 12/16/2010 |
| **CASE TITLE** | DeCola vs. Keel et al | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, awards Plaintiff's counsel $22,815.00 in attorney's fees based on counsel's limited success.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On November 2, 2010, after a two-day trial, a jury returned a verdict in favor of Plaintiff Chris DeCola and against Defendant Porfirio Santiago as to DeCola's excessive force claim. *See* 42 U.S.C. § 1983. The jury awarded DeCola $1,000 in compensatory damages for this excessive force claim, but did not award any punitive damages. Meanwhile, the jury returned a verdict in favor of Defendant Kevin Keel on DeCola's excessive force claim, in favor of Defendants Keel and Santiago on DeCola's battery claim, and in favor of Defendant Keel on DeCola's failure to intervene claim. Before the Court is DeCola's petition pursuant to 42 U.S.C. 1988(b) in which his counsel seeks $45,630.00 in attorney's fees. For the following reasons, the Court, in its discretion, awards Plaintiff's counsel $22,815.00 in attorney's fees based on counsel's limited success. *See Perdue v. Kenny A. ex rel. Winn*, ___ U.S. ___, 130 S.Ct. 1662, 1676, 176 L.Ed.2d 494 (2010) ("Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge."); *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (courts may reduce attorney's fees awards based on the results obtained).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARDS

"Section 1988 provides that a prevailing party in certain civil rights actions may recover 'a reasonable attorney's fee as part of the costs.'" *Perdue,* 130 S.Ct. at 1671 ("Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced."). "A party is considered prevailing for § 1988 purposes when the court enters final judgment in its favor on some portion of the merits of its claims." *Zessar v. Keith,* 536 F.3d 788, 795 (7th Cir. 2008). Put differently, "to be deemed a prevailing party, there must be a 'material alteration in the legal relationship of the parties.'" *Walker v. Calumet City, Ill.,* 565 F.3d 1031, 1033-34 (7th Cir. 2009) (citation omitted); *see also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (party prevails when "plaintiff has received a judgment on the merits").

When determining whether attorney's fees are reasonable, the Court considers the lodestar figure, namely, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Sottoriva v. Claps,* 617 F.3d 971, 975 (7th Cir. 2010) (quoting *Hensley,* 461 U.S. at 433). As the *Hensley* Court explained:

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief.

*Hensley*, 461 U.S. at 434; *see also Enoch ex rel. Enoch v. Tienor,* 570 F.3d 821, 824 (7th Cir. 2009) (district courts must consider results obtained in awarding fees). Accordingly, if a "plaintiff prevails on only some of his interrelated claims, *Hensley* instructs that the 'district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Sottoriva,* 617 F.3d at 975 (quoting *Hensley,* 461 U.S. at 436-37).

## ANALYSIS

First, Defendant Officers argue that the Court should not award any attorney's fees because DeCola was not a "prevailing party" under the circumstances. Defendants' argument fails because the Court entered judgment on the merits as to DeCola's excessive force claim against Officer Santiago, and thus DeCola obtained an enforceable judgment on a portion of his claims. *See Buckhannon,* 523 U.S. at 605; *Zessar,* 536 F.3d at 795. Moreover, the Court rejects Defendants' arguments based on *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), because the *Farrar* Court addressed a prevailing party who received only nominal damages, namely, $1. *See Enoch,* 570 F.3d at 823; *see also Jannotta v. Subway Sandwich Shops, Inc.,* 225 F.3d 815, 819 (7th Cir. 2000) ("Most of the cases involving nominal damages involve awards of $1."). Here, the jury awarded DeCola $1,000 in compensatory damages for his excessive force claim against Defendant Santiago. In addition, the vindication of DeCola's constitutional rights cannot be valued in monetary terms alone. *See Robinson v. City of Harvey,* 489 F.3d 864, 872 (7th Cir. 2007).

That being said, because of the mixed outcome, the Court will consider the results DeCola obtained in determining the amount of reasonable attorney's fees in this lawsuit. *See Sottoriva,* 617 F.3d at 975; *see also Harper v. City of Chicago Heights,* 223 F.3d 593, 603 (7th Cir. 2000) ("Once a plaintiff qualifies for a fee award, [] the degree of the plaintiff's overall success goes to the reasonableness of the award."). As the Seventh Circuit recently explained, when reducing the lodestar method based on a party's partial success, "[p]recision is impossible in such calculations, and the district court is entitled to considerable discretion in arriving at an award that it deems reasonable." *Sottoriva,* 617 F.3d at 976. Meanwhile, the Seventh Circuit has "rejected the notion

that the fees must be calculated proportionally to damages." *Anderson v. AB Painting & Sandblasting Inc.,* 578 F.3d 542, 545 (7th Cir. 2009) (citation omitted).

Here, DeCola's claims included his excessive force and battery claims against both Defendant Officers and a failure to intervene claim against Defendant Keel. DeCola's attorney secured only limited success, namely, DeCola only prevailed against Defendant Santiago on his excessive force claim. To clarify, although the excessive force claim was DeCola's central claim, his success was limited because the jury found that Defendant Keel was not liable. Also, counsel failed to achieve success in relation to DeCola's battery and failure to intervene claims. Based on the mixed results that counsel obtained in this lawsuit, the Court reduces the attorney's fees request by 50 %, keeping in mind the purpose behind the fee-shifting statutes such as 42 U.S.C. § 1988(b). *See Buckhannon,* 532 U.S. at 644 ("Congress prescribed fee-shifting provisions [] to encourage private enforcement of laws designed to advance civil rights"); *see, e.g., Garcia v. Oasis Legal Fin. Oper. Co.,* 608 F.Supp.2d 975, 980 (N.D. Ill. 2009) (reducing lodestar amount by 50 % because degree of success obtained "while not entirely insignificant, is partial at best"); *Tauber v. City of Chicago,* 35 F.Supp.2d 699, 702-03 (N.D. Ill. 1999) (reducing fees by 40 % based on lack of success of total claims, although unsuccessful claims were not frivolous). Thus, the Court awards counsel $22,815.00 in attorney's fees pursuant to 42 U.S.C. § 1988.